UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ERIC JAWAYNE DANIELS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 4:10-CV-8034-SLB-MHH |
| ) | (Crim. No. 4:08-CR-0464-SLB-PWG) |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on petitioner's Motion to Vacate, (doc. 1),[1] and the Government's Motion to Dismiss. (Doc. 3.) Petitioner, Eric Jawayne Daniels, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, asking the court for relief from a 245-month sentence[2] that the court had imposed after Mr. Daniels entered a guilty plea. (Doc. 1; Crim. Doc. 59.) The Government filed a Motion to Dismiss Mr. Daniels's § 2255 motion based on the waiver provision in his plea agreement. (Doc. 3). For the reasons stated below, the Government's Motion to Dismiss, (doc. 3), is **GRANTED IN PART** and **DENIED IN PART**, and Mr. Daniels's Motion to Vacate is **DENIED**.

---

[1] Citations to the record concerning Mr. Daniels's § 2255 motion appear as "(Doc. __)." Citations to the record in the criminal proceedings against Mr. Daniels appear as "(Crim. Doc. __)."

[2] After Mr. Daniels filed his Motion to Vacate, the court reduced his sentence to 180 months for reasons unrelated to the issues raised in his Motion to Vacate.

## I. **OPERATIVE FACTS**

On November 25, 2008, a federal grand jury returned a four count indictment against Mr. Daniels and his co-defendants, Arthur Louis Melson and Alanna Mae Partee. (Crim. Doc. 1). The Indictment charged Mr. Daniels with the following Counts: (1) violation of 18 U.S.C. § 371 (conspiracy to commit bank robbery), (2) violation of 18 U.S.C. § 2113(a) and (d) (bank robbery), (3) violation of 18 U.S.C. § 924(c)(1)(A) (brandishing a firearm during a crime of violence), and (4) violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon. (*See generally* Crim. Doc. 1-1.)

Mr. Daniels retained counsel to represent him in January 2009. (Crim. Doc. 30). One month later, he signed a plea agreement in which he agreed to plead guilty to the four counts charged in the indictment. (Doc. 3-1 at 1.) Mr. Daniels's plea agreement contained a waiver provision, which states:

> In consideration of the recommended disposition of this case, I, ERIC JAWAYNE DANIELS, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:
>
> The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:
>
> (a)  Any sentence imposed in excess of the applicable statutory maximum sentence(s);

>     (b)     Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.
>
>     The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction.  The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.
>
>     I, ERIC JAWAYNE DANIELS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

(*Id*. at 11-12 [emphasis omitted].)  Mr. Daniels signed on the line that appears directly below this waiver provision.  (*See id*. at 12).

On February 19, 2009, the court held a Change of Plea Hearing. (Doc. 3-2 at 1.)  At the hearing, Mr. Daniels entered a guilty plea to the charges in the Indictment.  (*Id*. at 3.)  During this hearing, the court reviewed with Mr. Daniels the charges in the Indictment and the provisions of his plea agreement.  Mr. Daniels testified under oath that he understood the charges and the rights he was giving up by pleading guilty, and that he understood the plea agreement included a waiver of his right to appeal or to bring a collateral proceeding, except in limited circumstances.  (*See generally id*.)  Also, at the guilty plea hearing, Mr. Daniels testified that he had only been convicted of two felony distribution charges.  (*Id*. at 14-15.)  The court's Presentence Investigaton Report shows that, in addition to the prior convictions set forth in the Indictment, Mr. Daniels had been convicted of another felony distribution in

3

2005. (Crim. Doc. 51 at 20 [sealed].) The court accepted Mr. Daniels's guilty plea. (Doc. 3-1 at 34.)

On July 28, 2009, the court sentenced Mr. Daniels "to be imprisoned for a term of 60 months as to count one, for a term of 161 as to each of counts two and four separately, and for a term of 84 months as to count three." (Crim. Doc. 53 at 2.) The court ordered the sentences for counts one, two, and four to run concurrently with each other; the sentence under count three was required to run consecutively with the other sentences. (*Id.*)

In response to the court's order to show cause (doc. 2), the Government filed a motion to dismiss Mr. Daniels's § 2255 motion, (doc. 3). The Government argues that the waiver provision in Mr. Daniels's plea agreement is valid and enforceable, and it precludes Mr. Daniels's § 2255 motion. (*Id.*) Mr. Daniels filed a response to the Government's motion to dismiss. (Doc. 5.) On this record, the court considers the Government's motion to dismiss.

## II.  DISCUSSION

### A.  MOTION TO DISMISS

It is well-settled that waiver provisions in plea agreements are valid if defendants enter them knowingly and voluntarily; however, those provisions do not preclude § 2255 ineffective-assistance-of-counsel claims that pertain to the validity of the plea or the waiver provision in a prisoner's plea agreement. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). In a footnote, the Eleventh Circuit Court of Appeals stated:

> There may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing

4

>   or a claim challenging the validity of the plea or agreement. *See, e.g.*, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994) (determining that because defendant's ineffectiveness claim under § 2255 did not relate to the plea or plea agreement but related only to the alleged mishandling of sentencing, the court did not need to decide whether a defendant could in fact waive a claim of ineffective assistance); *see also* [*United States v.*]*White*, 307 F.3d [336] at 343 [(5th Cir. 2002)] ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); [*United States v.*] *Cockerham*, 237 F.3d [1179] at 1191 [(10th Cir. 2001)](holding that an ineffective-assistance-of-counsel claim survives express waiver of right to bring collateral attack on sentence "where it challenges the validity of the plea or waiver"). Because Williams's claims assert ineffectiveness at sentencing and do not concern representation relating to the validity of the plea or waiver, we need not, and do not, reach the other situation.

*Id.* at 1342 n. 2; *see also Cowart v. United States*, 139 Fed. Appx. 206, 208 (11th Cir. 2005) ("Cowart's valid sentence-appeal waiver does not preclude these issues, which relate to the validity of the plea or waiver itself.").

In Ground One of his Motion to Vacate, Mr. Daniels alleges, "I was put as a career offender [due to] my priors. I was careered on a simple possession of crack cocaine [and] unlawful distribution of control[led] substance, which was considered a single felony [because] the sentence was imposed [on] the same day." (Doc. 1 at 6.) This ground does not allege ineffective of assistance of counsel. The Government's Motion to Dismiss, (doc. 3), is **GRANTED** as to Ground One of the Motion to Vacate.

Construing Mr. Daniels's Motion to Vacate in the most liberal manner, the court assumes that Grounds Two through Four[3] assert ineffective assistance of counsel that relate to the validity of his guilty plea and/or the waiver of his right to appeal and to bring a § 2255 motion for collateral review. Therefore, the Government's Motion to Dismiss, (doc. 3), is **DENIED** as to Grounds Two through Four.

## B.  MOTION TO VACATE

Mr. Daniels has the burden of showing he is entitled to relief from his sentence. *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978)(citing *Coon v. United States*, 441 F.2d 279 (5th Cir.), *cert. denied*, 404 U.S. 860 (1971));[4]  *see also Day v. United States*, 428

---

[3]The Motion to Vacate states:

> Ground Two: "I told my lawyer several times to look into my prior conviction, which the court should not have considered me a career offender [because of] my priors of unlawful distribution of control[led] substance, which is a single prior."
>
> Ground Three: If my lawyer would have check[ed] into my priors he would have [known] the court [could not] make me [an] armed career offender or considered me as [a] career offender.
>
> Ground Four: At my sentencing was the first time I have ever [seen] my plea [agreement]. My lawyer did not explain it [to] me[;] he just told me [to] sign the forms[,] which I found out later was my plea agreement to twenty years in federal prison.

(Doc. 1 at 6-7.)

[4]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

F.2d 1193, 1195 (8th Cir. 1969)("The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding."). He must prove "not merely that the errors [in the proceedings] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting [the entire proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). "[A] guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *Caffey v. United States*, Civil Action No. 2:09cv151–WHA, 2012 WL 960912, *4 (M.D. Ala. Mar. 5, 2012)(quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980))(internal quotations omitted). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985))(internal quotations omitted).

"An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. To establish prejudice under the second prong of *Strickland*, Mr. Daniels "must show that there is a reasonable probability that, but for counsel's errors, he would ***not*** have pleaded guilty and would have insisted on going to trial." *Caffey*, 2012 WL 960912, at *4 (quoting *Hill*, 474 U.S. at 59)(emphasis added, internal quotations omitted).

The court "appl[ies] a 'strong presumption' that statements made by a defendant during his plea colloquy are true, *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994); therefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.' *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)." *Cardenas v. United States*, Nos. 8:04-cr-82-T-24MSS, 8:08-cv-244-T-24MSS, 2008 WL 2445640, *3 (M.D. Fla. June 16, 2008). Based on the court's review of the record in the criminal proceeding, as well as the instant case, the court finds Mr. Daniels is entitled to no relief.

**1. Grounds Two and Three**

In his Motion to Vacate, Mr. Daniels alleges, "I told my lawyer several times to look into my prior conviction, which the court should not have considered me a career offender [because of] my priors of unlawful distribution of control[led] substance, which is a single prior," and "If my lawyer would have check[ed] into my priors he would have [known] the court [could not] make me [an] armed career offender or considered me as [a] career offender." (Doc. 1 at 6-7.) However, contrary to Mr. Daniels's assertion, an investigation of his prior convictions by the United States Probation Office shows definitively that

8

investigation by his counsel would have shown Mr. Daniels qualified as an Armed Career Offender, pursuant to § 4B1.4 of the Sentencing Guideline, and a Career Offender, pursuant to § 4B1.1.

Specifically, the Report states that convictions pursuant to state court cases CC 04-0393 and CC 04-0978, which carried a total of 3 criminal history points, "qualif[ied] together as ONE predicate offense ('controlled substance offense') for purposes of the Career Offender provisions at § 4B1.1 because they were treated as a single offense[, and] qualif[ied] as TWO predicate offenses ('serious drug offenses') for purposes of the Armed Career Criminal provisions at § 4B1.4 because they were separate and distinct offenses which occurred on difference occasions." The Report lists an additional conviction, one which Mr. Daniels did not acknowledge during his guilty plea colloquy, in state court for distribution of a controlled substance. This conviction was not considered as a single sentence with CC 04-0393 and CC 04-0978 because there was an intervening arrest; therefore, this conviction qualified as a predicate offense for both the Career Offender and Armed Career Criminal provisions of the Sentencing Guideline.

In addition to these three convictions for distribution, Mr. Daniels has a long criminal history, resulting in criminal history points of 17. To this number were added 2 points because he committed the offenses in the underlying criminal case while on probation in CC 05-0604, and one point because he committed the offense in the underlying criminal case within two years of being released from custody.

The court finds no error in the calculation of Mr. Daniels's criminal history points that investigation by his counsel would have discovered. Moreover, Mr. Daniels does not contend that he would not have entered his guilty plea if his counsel had informed him of the calculation of his criminal history points based on his prior convictions. Therefore, the court finds that the record of the proceedings conclusively show that Mr. Daniels is not entitled to relief from his sentence.

### 2. Ground Four

As the fourth ground for vacating his sentence, Mr. Daniels alleges that his counsel did not give him a copy of his plea agreeement or communicate the terms of the plea agreement until he was sentenced. (Doc. 1 at 7.) The record of the guilty plea colloquy conclusively establishes that Mr. Daniels signed the plea agreement before he entered his guilty plea. Moreover, the court went over all the terms of the plea agreement with Mr. Daniels before accepting his guilty plea.

Therefore, based on the foregoing, the court finds that the record of the proceedings conclusively shows that Mr. Daniels is not entitled to any relief. Grounds Two through Four of his Motion to Vacate, (doc. 1), are **DENIED**.

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or

a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . ***only*** if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Mr. Daniels's Motion to Vacate, (doc. 3), does not demonstrate that he was denied any constitutional right or that the issues he raises are reasonably debatable and/or deserve encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

## CONCLUSION

Based on the foregoing, the court **ORDERS** as follows:

1. The Government's Motion to Dismiss, (doc. 3), is **GRANTED** as to Ground One of petitioner's Motion to Vacate. Ground One of the Motion to Vacate, (doc. 1), is **DENIED**.

2. The Government's Motion to Dismiss, (doc. 3), is **DENIED** as to Grounds Two, Three, and Four of the Motion to Vacate.

3. Grounds Two, Three, and Four of the Motion to Vacate, (doc. 1), are **DENIED**.

4. This matter is **DISMISSED**.

5. A Certificate of Appealability is not warranted in this case.

**DONE**, this 30th day of September, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE